# UNITED STATES DISTRICT COURT
for the
District of Delaware

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The Cellular Telephone Assigned Call Number (302) 304-4321

Case No. 17-40M

UNSEALED 3/17/20 KJK

~~SEALED~~

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following ~~person or~~ property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

**REDACTED**

located in the _____ District of _____Delaware_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

FILED 2017 FEB 23 PM 5:18 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1073 | Flight to Avoid Prosecution |
| 18 U.S.C. § 3 | Accessory After the Fact |

The application is based on these facts:

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Justin Cannon, USMS TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __02/23/2017__

*Judge's signature*

City and state: __Wilmington, Delaware__

The Honorable Sherry R. Fallon, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (302) 304-4321[1] | Case No. 17 – 40M<br><br>Filed Under Seal |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Justin Cannon, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (302) 304-4321 (the "Target Cell Phone"), whose service provider is SPRINT CORPORATION, a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a deputized Task Force Officer assigned to the United States Marshals Service and have been so since October 5, 2015. I have been assigned to the area of fugitive investigations for the District of Delaware First State Fugitive Task Force. During that time, I have authored numerous Pen Register/Trap and Trace applications. I have analyzed call detail records and cell site data, which has

---

[1] The International Mobile Subscriber Identity ("IMEI") / Electronic Serial Number ("ESN") of this phone is unknown.

aided in locating and arresting many fugitives. I routinely assist less experienced investigators in learning how to analyze and decipher the call detail records and cell site data that they receive in their cases.

3. I am currently the lead investigator for the fugitive investigation described in this Affidavit. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Deputies of the United States Marshals Service are participating in the investigation to locate Thomas Hollingsworth ("Hollingsworth") and Eurydice Reed-Maas ("Reed-Maas"), both fugitives, as members of a Fugitive Apprehension Task Force, authorized pursuant to Pub. L. 106-544, Section 6, Dec. 19, 2000, 114 Stat. 2718, and pursuant to 28 U.S.C. § 566(e)(1)(B), which authorizes the United States Marshals Service to investigate such fugitive matters as directed by the United States Attorney General.

5. 18 U.S.C. § 1073, entitled "Flight to avoid prosecution or giving testimony," provides, in part:

> Whoever moves or travels in interstate or foreign commerce with intent . . . to avoid prosecution . . . under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees, . . . shall be fined under this title or imprisoned not more than five years, or both.

2

6. 18 U.S.C. § 3, entitled "Accessory after the fact," provides, in part:

> Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension . . . is an accessory after the fact . . . [and] shall be imprisoned . . . .

7. Based on the facts set forth in this Affidavit, there is probable cause to believe that Hollingsworth has committed several state crimes: Possession of a Firearm by a Person Prohibited, Possession of a Destructive Weapon, and Possession of a Controlled Substance in a Tier 5 Quantity, as described below. There is also probable cause to believe that Reed-Maas has committed a state crime, Possession of a Controlled Substance in a Tier 5 Quantity, as described below. There is probable cause to believe that Reed-Maas is aware of these charges – or of charges against her boyfriend, Hollingsworth, and fled with him. Moreover, there is probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Reed-Maas and Hollingsworth, who are "person[s] to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8. From my training and experience, I know that SPRINT CORPORATION is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-

3

site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

9. Based on my training and experience, I know that SPRINT CORPORATION can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on SPRINT CORPORATION's network or with such other reference points as may be reasonably available.

10. Based on my training and experience, I know that SPRINT CORPORATION can collect cell-site data about the Target Cell Phone.

4

## PROBABLE CAUSE

11. Reed-Maas is the girlfriend of Hollingsworth. Reed-Maas and Hollingsworth live together at _____ Street in Wilmington, Delaware – along with two other people.[2]

12. Hollingsworth is the primary suspect for a double homicide that occurred on February 21, 2017 in Wilmington, Delaware. According to the assigned homicide investigators with the Wilmington Police Department ("WPD"), witnesses reported that the double homicide was precipitated by a verbal dispute between Hollingsworth and the two victims earlier that day. More specifically, Hollingsworth and the two victims argued because the two victims were sitting on the steps of Hollingsworth's home at _____ in Wilmington, Delaware, and Hollingsworth did not like that.

13. Witnesses reported that following this verbal altercation, Hollingsworth shot both victims with a firearm. As a result, both victims died.

14. Immediately following the shooting, witnesses on scene observed Hollingsworth go into his home at _____.

15. Upon receiving this information, homicide investigators and the WPD SWAT Team established a perimeter around Hollingsworth's house and tried to

---

[2] _____ in Wilmington, Delaware is the address listed for both Hollingsworth and Reed-Maas in the Delaware Criminal Justice Information System ("DELJIS"), which is a database of information collected, among other sources, from police records, probation records, and motor vehicle records.

5

make contact with any individuals in the home by knocking on the door and using microphones and drones. There was no response. So the SWAT Team breached the door and entered Hollingsworth's house. There was no one inside.

16. Pursuant to a search warrant, investigators located two firearms[3] and a large quantity of heroin inside of the house. Investigators also found numerous pieces of paperwork, to include mail, bearing Reed-Maas' name.

17. As a result, the next day, February 22, 2017, Hollingsworth was charged in the State of Delaware with Possession of a Firearm by a Person Prohibited, Possession of a Destructive Weapon, and Possession of a Controlled Substance in a Tier 5 Quantity. An arrest warrant was issued on the same day.

18. Hollingsworth is the primary suspect for the double homicide, but state authorities have not yet charged him with homicide.

19. Reed-Maas was also charged in the State of Delaware with Possession of a Controlled Substance in a Tier 5 Quantity. A warrant for her arrest was issued.

20. In the evening hours of February 21, 2017, a confidential informant advised homicide investigators that he heard from someone close to Hollingsworth that Hollingsworth and Reed-Maas fled from Wilmington, Delaware to the

---

[3] Preliminary ballistics results link one of these firearms to the double homicide shooting. The other firearm was a sawed-off shotgun. Both firearms were found in the kitchen of the house. The sawed-off barrel of the shotgun was found in Hollingsworth and Reed-Maas' room of the house.

6

Philadelphia, Pennsylvania area following the shooting because Hollingsworth had family in the Philadelphia area. CI-1 is a past proven reliable confidential informant. His or her name is known to investigators.

21. Also on February 21, 2017, homicide investigators made contact with one of the two other residents of ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ He/she said that Hollingsworth and Reed-Maas both lived there and were boyfriend and girlfriend. He/she told him that when he/she needs to get in contact with Reed-Maas, he/she would call her at (302) 304-4321 (the Target Cell Phone). This resident told investigators that he/she had spoken with Reed-Maas on this phone number within the past few weeks.

22. I searched for (302) 304-4321 on Facebook. This search revealed that (302) 304-4321 is an active listed number for the Facebook account for "Eurydice.Reed.1." I then went to the Facebook page for "Eurydice.Reed.1." On this page, there are numerous photographs of Reed-Maas[5] and also photographs of Reed-Maas and Hollingsworth together. In one of those photographs, Reed-Maas and Hollingsworth are posing in a romantic manner, with Hollingsworth closely holding Reed-Maas.

---

[4] According to homicide investigators, ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ in Wilmington, Delaware is a row home with four bedrooms. Each bedroom is rented out, and residents share the common space.

[5] I recognized these photographs to be of Reed-Maas because they matched a photograph of Reed-Maas provided to me by homicide investigators in this case.

7

23. I do not know the identity of the subscriber of the Target Cell Phone. But there is probable cause to believe that Reed-Maas is currently using the Target Cell Phone while on fugitive status.

24. The requested location information will assist law enforcement in determining Hollingsworth's and Reed-Maas' whereabouts and anyone supporting them in furtherance of their continued flight. In my training and experience, the United States Marshals Service has been successful in utilizing such location information to apprehend fugitives. Given that investigators often require a combination of location information and other investigatory techniques in order to locate a fugitive, however, it may take up until thirty days to locate Hollingsworth and/or Reed-Maas. Thus, I request authority to monitor the Target Cell Phone over the next thirty days, or until such time that Hollingsworth and Reed-Maas are arrested.

## AUTHORIZATION REQUEST

25. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

26. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until thirty days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18

8

U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

27. I further request that the Court direct SPRINT CORPORATION to disclose to the government any information described in Attachment B that is within the possession, custody, or control of SPRINT CORPORATION. I also request that the Court direct SPRINT CORPORATION to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with SPRINT CORPORATION's services, including by initiating a signal to determine the location of the Target Cell Phone on SPRINT CORPORATION's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

9

The government shall reasonably compensate SPRINT CORPORATION for reasonable expenses incurred in furnishing such facilities or assistance.

28. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

29. I further request that the Court order that all papers in support of this application, including the Affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Justin Cannon
Deputized United States Marshal
United States Marshals Service

Subscribed and sworn to before me on Feb. 23, 2017

UNITED STATES MAGISTRATE JUDGE
Sherry R. Fallon

10

## ATTACHMENT A
### Property to Be Searched

1. The cellular telephone assigned call number (302) 304-4321 (the "Target Cell Phone"), whose wireless service provider is SPRINT CORPORATION, a company headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of SPRINT CORPORATION.

## ATTACHMENT B
### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of SPRINT CORPORATION, SPRINT CORPORATION is required to disclose the Location Information to the government. In addition, SPRINT CORPORATION must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with SPRINT CORPORATION's services, including by initiating a signal to determine the location of the Target Cell Phone on SPRINT CORPORATION's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate SPRINT CORPORATION for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).